IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-174 |
| | ) | |
| BLAKE BROWN | ) | |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

Defendant Blake Brown ("defendant") filed a Motion to Dismiss Indictment (ECF No. 24), alleging that the indictment the government filed against him should be dismissed based upon a number of challenges. Although the defendant acknowledged that many of the challenges raised were already rejected by the Court of Appeals for the Third Circuit in <u>United States v. Shenandoah</u>, 595 F.3d 151 (3d Cir. 2010), he nonetheless raised them to preserve the issues for further review and consideration by the court of appeals and the United States Supreme Court.[1]

While this motion was pending, the Supreme Court abrogated, among others decisions, <u>Shenandoah</u>, to the extent it held that the registration requirements of the Sex Offender Registration and Notification Act[2] ("SORNA") apply to offenders convicted before the enactment of SORNA, who were required to register under state law ("pre-SORNA offenders"), and prior to the time the Attorney General specified SORNA's applicability to them (*i.e.*, from July 2006 (the date when SORNA became law) until at least February 2007 (the date when the

---

[1] The issues raised are: (1) whether SORNA violates the Commerce Clause; (2) whether SORNA violates the Ex Post Facto Clause; (3) whether SORNA violates a defendant's right to travel; (4) whether SORNA violates a defendant's procedural and substantive Due Process; and (5) whether 18 U.S.C. § 2250(a) impermissibly encroaches upon a state power's and therefore violates the Tenth Amendment. Those issues are preserved for appeal.
[2] 42 U.S.C. §§ 16911 *et seq*.

1

Attorney General promulgated an interim rule specifying that SORNA's registration requirements were applicable to pre-SORNA offenders)). Reynolds v. United States, ___ U.S. ___, 132 S. Ct. 975 (2012).

At the hearing held on January 25, 2012, while the parties summarily addressed Reynolds, most of the argument focused on whether defendant's conviction qualifies as a sex offense for purposes of SORNA.[3] After consideration of the parties' arguments and submissions, the court concludes that the indictment at issue here is sufficient. Accordingly, the motion to dismiss the indictment is denied.

## Background

Defendant was convicted in 2003 in Highlands County, Florida, of lewd molestation, in violation of section 800.04 of the Florida Statutes. That offense is a felony. The indictment for that offense, in relevant part, read as follows:

> [O]n or about January 27, 2003, in the County of Highlands and State of Florida, did, while under 18 years of age, intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, buttocks, or clothing covering them of [VICTIM], a child 12 years of age of older but under 16 years of age, or forced or enticed [VICTIM], a child 12 years of age or older but under 16 years of age, to touch in a lewd or lascivious manner the breasts, genitals, genital area, buttocks, or clothing covering them of BLAKE A BROWN JR by, contrary to Florida Statute 800.04 (3 DEG FEL) (LEVEL 6).

Gov't Ex. 6.

Section 800.04(5) of the Florida Statutes provides as follows:

Lewd or lascivious molestation.--

(a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less

---

[3] Although the parties did not fully address the issue, it would appear that even if the interim rule is not valid, the Attorney General's final regulations and implementations of SORNA became effective on July 2, 2008 (see 73 Fed. Reg. 38030 (July 2, 2008); Shenandoah, 595 F.3d at 156), which is roughly two years prior to the offense at issue here (October 2010 – March 2011). Reynolds, therefore, would not be applicable to the instant matter.

than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

(b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a)4.

(c)1. An offender less than 18 years of age who commits lewd or lascivious molestation against a victim less than 12 years of age; or

2. An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age

commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(d) An offender less than 18 years of age who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

FLA. STAT. § 800.04(5) (2008).[4]

In this case, on August 2, 2011, a one-count indictment was returned against defendant. That count alleges that between October 20, 2010 and March 25, 2011, defendant, who was required to register under SORNA, traveled in interstate commerce and knowingly failed to register and update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a).[5]

---

[4] At the hearing held on January 25, 2012, the court inquired whether Section 800.04, as currently in force, was different from the version in effect at the time of the offense. The government represented that, if any amendment had been made, it did not substantially affect the section at issue here.

[5] The indictment reads as follows:

> Between on or about October 20, 2010, and on or about March 25, 2011, in the Western District of Pennsylvania, the defendant, BLAKE BROWN, JR., who was required to register under the Sex Offender Registration and Notification Act, after having been convicted in 2003 in Highlands County, State of Florida, at Case Number 03-000164-CF-MA, of the felony sex offense of Lewd Molestation, in violation of Section 800 04 of the Florida Code, traveled in interstate commerce and knowingly failed to register and update a registration, as required by the Sex Offender Registration and Notification Act.
> In violation of Title 18, United States Code, Section 2250(a).

ECF No. 1 at 1.

On December 18, 2011, defendant filed a motion to dismiss the indictment (ECF No. 24), arguing, *inter alia*, that, in determining whether his Florida conviction qualifies as a "sex offense", this court should apply a "categorical approach" as other approaches (modified categorical and noncategorical approaches) are not warranted where, such as here, the relevant statute under which a defendant was convicted includes conduct (consensual sexual conduct) that is specifically excluded from the definition of "sex offense" in 42 U.S.C. § 16911(5)(C). Section 16911(5)(C) provides as follows:

> An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

42 U.S.C. § 16911(5)(C). Applying the categorical approach to the instant matter, defendant argues, the court must conclude that defendant's conviction does not qualify as a "sex offense" for purposes of SORNA.

In its response (ECF No. 28), the government argued that defendant's conviction qualifies as a "sex offense" under 42 U.S.C. §§ 16911(5)(A)(i) and (ii).[6] In addition, the government argued that the exception in 42 U.S.C. § 16911(5)(C) is not relevant because "consent" is not a defense and that the court should not apply a "categorical approach" in

---

[6] Section 16911(5)(A), in relevant part, provides as follows:

> Except as limited by subparagraph (B) or (C), the term " sex offense" means--
>
> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;
>
> (ii) a criminal offense that is a specified offense against a minor;
>
> . . . .

42 §§ 16911(5)(A)(i)-(ii).

4

determining whether defendant's state conviction for lewd molestation qualifies as a "sex offense" under SORNA.

On January 25, 2012, defendant filed a reply to the government's response (ECF No. 29). In his reply, defendant argued that the exception for certain consensual conduct is far from irrelevant considering that the definition of sex offense in SORNA incorporates these exceptions. Defendant also argued that the government's reliance on United States v. Dodge, 597 F.3d 1347 (11th Cir. 2010), and United States v. Byun, 539 F.3d 982 (9th Cir. 2008), was misplaced because those decisions did not involve a criminal prosecution for failing to register under 18 U.S.C. § 2250.

On February 10, 2012, the government filed an amended response (ECF No. 30) to address one decision this court referred to during the January 25, 2012 hearing -- United States v. Miller, 694 F. Supp. 2d. 1259 (M.D. Ala. 2010). Relying on Miller, the government argued that the court should deny defendant's motion to dismiss the indictment because the issue raised by the defendant here involves a question of fact and that factual disputes regarding an element of the crime are to be resolved at trial. The court agrees.

**Standard of Review**

The applicable standard to determine the sufficiency of an indictment was addressed in United States v. Vitillo, 490 F.3d 314 (3d Cir. 2007). In that decision, the court of appeals recognized:

> It is well-established that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, *if valid on its face*, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956) (footnote omitted and emphasis added). Indeed, we have previously held that, "for purposes of Rule 12(b)(2) [later superceded by Rule 12(b)(3)(B)], a charging document fails to state an offense if

5

the specific facts alleged *in the charging document* fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." [United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002)] (emphasis added); *see also United States v. Taylor*, 154 F.3d 675, 681 (7th Cir.1998) ("The validity of an indictment is not affected by the form of the evidence considered, and an otherwise valid indictment cannot be challenged on the ground that the grand jury based it on inadequate or incompetent evidence."). We conclude that the [defendants]' Rule 12(b)(3)(B) challenge to the sufficiency of the indictment should be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it.

"An indictment is generally deemed sufficient if it: [sic] (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) (quotation marks and citations omitted). An indictment must allege more than just the essential elements of the offense. *See Panarella*, 277 F.3d at 685 ("We are thus constrained to reject the government's contention that an indictment or information charges an offense, for purposes of Rule 12(b)(2) [later superceded by Rule 12(b)(3)(B)], as long as it recites in general terms the essential elements of the offense, even if the specific facts alleged in the charging instrument fail to satisfy those elements."). An indictment fails to state an offense if the specific facts alleged in it "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id*.

Id. at 320-21 (footnote omitted).

**Discussion**

Applying the above standard to the instant matter, it is clear that the indictment is sufficient. 18 U.S.C. § 2250(a), in relevant part, provides "Whoever--(1) is required to register under [SORNA]; (2) . . . travels in interstate or foreign commerce . . . ; and (3) knowingly fails to register or update a registration as required by [SORNA]; shall be fined under this title or imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a). Defendant's indictment, quoted in the background section of this opinion, tracks the language of the statute. As such, the indictment is sufficient.

6

The issue raised by defendant is not the sufficiency of the indictment itself; the issue, rather, is whether the underlying conviction is sufficient to require the defendant to register under SORNA. Defendant argues he is not subject to registration because of the exception to the definition of a sex offense for consensual conduct between a victim, who is at least thirteen years old, and an offender, who was not more than four years older than the victim, as set forth in § 16911(5)(C) of SORNA. Whether this exception is applicable to this matter clearly involves questions of fact (*i.e.*, consent and the ages of the victim and defendant at the time of the sexual conduct). The resolution of these factual questions cannot be addressed in the context of a motion to dismiss the indictment.

The instant matter is similar to Miller. In Miller, the defendant was indicted on one count for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). Defendant subsequently moved to dismiss the indictment for failure to state the offense and to withdraw his guilty plea. Defendant argued, *inter alia*, that his prior Kansas offense did not qualify as "sex offense" for purposes of SORNA's registration requirements because it fell within the exception set forth in 42 U.S.C. § 16911(5)(C) – the same exception raised here.

The district court noted that in ruling on a motion to dismiss indictment a court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crime. Applying this standard, the district court concluded that the indictment was sufficient. The district court rejected the argument by the defendant to take a "categorical approach" to determine whether, for purposes of 42 U.S.C. § 16911(5)(C), his offense was one "involving consensual sexual conduct." Miller, 694 F. Supp. 2d at 1267-68.[7] To this end, the court noted:

---

[7] Similarly, here defendant argued in order to determine whether he was subject to registration the court should apply a categorical approach (citing, among others, Chambers v. United States, 555 U.S. 122 (2009) (at sentencing court was asked to enhance a defendant's sentence by applying the Armed Career Criminal Act, 18 U.S.C. § 924(e), to impose a fifteen-year mandatory term of imprisonment); United States v. Shepard, 544 U.S. 13 (2005) (same),

> Section 16911(5)(C)'s reference to "conduct," however, "suggest[s] . . . that . . . it is the underlying 'conduct,' not the elements of the [prior] conviction, that matter." *United States v. Mi Kyung Byun*, 539 F.3d 982, 992 (9th Cir. 2008) (interpreting 42 U.S.C. § 16911(7)(I)). Thus, the statutory language is difficult to square with Miller's contention that Congress intended that courts take a categorical approach to their application of § 16911(5)(C).

Id. The district court granted Miller's motion to withdraw his guilty plea, but denied his motion to dismiss the indictment.

Any discussion concerning whether a categorical approach should be used is not relevant under the procedural context of the case. Each of the decisions relied upon by defendant, Chambers, Shepard, and Taylor (see footnote 7, supra) dealt with a sentence enhancement to be determined by a judge after conviction, *i.e.*, the applicability of the Armed Career Criminal Act. Although appealing, Byun and Dodge are also not directly on point. Those decisions addressed the issue whether SORNA requires a categorical approach in the context of sentencing (*i.e.*, whether the district court could impose or amend the conditions of supervised release to include

---

and Taylor v. United States, 495 U.S. 575 (1990) (same)), and the court should not engage in any analysis of factual questions. Under a categorical approach, the "court [would] look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602. Even if the court should consider a categorical approach, the court does not believe a strict categorical approach would be warranted. Typically, the issue whether to apply a categorical approach is raised when a court makes findings relevant to the application of sentencing guidelines or for conditions of supervised release. In fact, courts "generally apply a categorical or modified categorical approach to statutory construction in the context of immigration law or the enhancement of criminal sentences." Dodge, 597 F.3d at 1353 (11th Cir. 2010). A review of recent decisions dealing with the issue at bar reveals that at least two courts of appeals (Dodge and Byun) instead of applying a categorical approach with regard to SORNA in sentencing determinations, applied a noncategorical approach.

Defendant argues that even if the court were to apply a modified categorical approach (which is applicable only to cases involving "divisible" statutes and allows a court to look to the charging papers and jury instructions to determine whether the offense is a qualifying one), defendant would prevail. ECF No. 29 at 3 n.1. Either approach, as explained *infra*, is not relevant in the context of a motion to dismiss. The only issue here is whether the indictment is sufficient, not whether the evidence is sufficient or competent. A challenge to the sufficiency of the evidence must be raised pursuant to Federal Rule of Criminal Procedure 29. The court of appeals in Vitillo noted:

> If we were to consider facts extrinsic to the indictment, we would effectively permit the Vitillo defendants to circumvent the 7-day time limit for challenging the sufficiency of the evidence, *see, e.g.* Fed. R. Crim. P. 29(c)(1) (motion for judgment of acquittal after jury verdict or discharge), by way of his Rule 12(b)(3)(B) motion, which has no time limit for filing.

Vitillo, 490 F.3d at 321 n.2.

registration under SORNA). In that context, the judge was not making a determination about guilt. The relevant defendant had been convicted and the judge was making sentencing determination. In Dodge, the court of appeals applied a noncategorical approach and looked at the "underlying facts of a defendant's offense" in determining what constitutes a "specified offense against a minor". Dodge, 597 F.3d at 1356. The court in reaching its determination reviewed the transcript of the plea colloquy. Id. at 1355. The transcript reflected that the defendant was thirty-three years old and used the Internet to send obscene photographs to a thirteen-year-old girl. That conduct was not in dispute and the defendant's plea revealed that he engaged in conduct that "by its nature is a sex offense against a minor." Id. at 1356. In Byun, the court of appeals applied a noncategorical approach and looked at the "underlying facts of the defendant's offense" as to the age of the victim to determine whether the conviction was for a "specified offense against a minor." Byun, 539 F.3d at 992. To determine the facts the court reviewed the plea agreement, which revealed that the victim was minor. Byun, 539 F.3d at 993-94. Here, the court is not imposing a sentence. The issue is whether the government can prove the elements of the offense charged beyond a reasonable doubt.

As noted above, in addressing a motion to dismiss the indictment a court must look at the indictment only and cannot consider facts extrinsic to the indictment. If extrinsic facts must be ascertained, a motion to dismiss the indictment is not the proper tool to challenge the government's case. The only issue presently before this court is whether the indictment is sufficient. Upon review, the court concludes that it is.

In light of the foregoing, it is clear that the indictment is sufficient. Factual disputes concerning whether defendant's conviction for lewd molestation involved consensual conduct between a victim who was at least thirteen years old and a defendant who was no more than four

years older than the victim cannot be addressed at this juncture. Accordingly, the motion to dismiss must be denied.

**ORDER**

AND NOW, this 24th day of February, 2012, upon consideration of defendant's motion to dismiss indictment and the government's response thereto, the motion is DENIED.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
U.S. District Judge