# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 11-174 |
| | ) | |
| BLAKE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

In in this memorandum opinion and order, the court *sua sponte* withdraws its prior approval of the guilty plea entered by defendant Blake Brown ("defendant") pursuant to Federal Rule of Criminal Procedure 11(b)(3).

### Factual and Procedural Background

Defendant was convicted in 2003 in Highlands County, Florida, of the felony of lewd molestation of a minor, in violation of FLA. STAT. § 800.04.[1] Defendant was seventeen years old at the time he committed the Florida offense.

---

[1] Section 800.04(5) of the Florida Statutes provides as follows:

> Lewd or lascivious molestation.--
>
> (a) A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.
>
> (b) An offender 18 years of age or older who commits lewd or lascivious molestation against a victim less than 12 years of age commits a life felony, punishable as provided in s. 775.082(3)(a)4.
>
> (c)1. An offender less than 18 years of age who commits lewd or lascivious molestation against a victim less than 12 years of age; or
>
> 2. An offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age

1

On August 2, 2011, a one-count federal indictment was returned against defendant in the Western District of Pennsylvania. That count alleges that defendant was required to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16911 *et seq.* by virtue of his Florida lewd molestation conviction. The indictment further alleges that between October 20, 2010 and March 25, 2011, defendant traveled in interstate commerce and knowingly failed to register and update a registration as required by SORNA, in violation of 18 U.S.C. § 2250(a).

On December 18, 2011, defendant filed a motion to dismiss the indictment (ECF No. 24), arguing, *inter alia*, that, in determining whether his Florida conviction qualifies as a "sex offense", this court should apply a "categorical approach" where, such as here, the relevant statute under which a defendant was convicted includes consensual sexual conduct that is specifically excluded from the definition of "sex offense" under SORNA. With respect to the exclusion for certain consensual sexual conduct, SORNA provides:

> An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

42 U.S.C. § 16911(5)(C).

---

commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(d) An offender less than 18 years of age who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

FLA. STAT. § 800.04(5).

On February 24, 2012, the court issued a memorandum opinion and order denying the motion to dismiss the indictment, substantially because the issues raised by defendant in the motion involved questions of fact, which should be resolved at trial. United States v. Brown, Criminal No. 11-174, 2012 WL 604185, at *3 (W.D. Pa. Feb. 24, 2012).

On March 22, 2012, defendant withdrew his plea of not guilty and entered a plea of guilty at count one of the indictment. (ECF No. 38.) During the change of plea hearing, at the request of the court, the government summarized the evidence it would have presented at trial, but made no specific reference to the age of defendant at the time of the underlying offense, or the age of the victim. (See Change of Plea Hr'g Transcript (ECF No. 54) 17-19.) The court entered a presentence order (ECF No. 39), which required the probation office to prepare a presentence investigation and file a presentence investigation report ("PIR") addressing defendant's criminal history and the application of the United States Sentencing Guidelines to his case.

On June 12, 2012, the probation office filed the PIR, which was disclosed to the government and defendant. Pursuant to Local Criminal Rule 32C.3, counsel for defendant and for the government each had an opportunity to submit objections to the PIR. The government and defendant each filed a position with respect to sentencing factors. The government did not object to the PIR. (ECF No. 45.) Defendant did not object to the PIR, but asserted his Fifth Amendment right with respect to paragraphs 42 and 43 of the PIR, which address pending charges leveled against defendant in other jurisdictions. (ECF No. 43.)

Upon reviewing the information contained in the PIR in preparation for defendant's sentencing, the court noted that the facts surrounding defendant's underlying Florida offense superficially met the requirements of § 16911(5)(C). Specifically, the PIR indicates that

> [a]ccording to the police report, on January 27, 2003, officers responded to a hospital due to a Lewd and Lascivious complaint.

> The victim informed officers that on the aforementioned date, the defendant[, Blake Brown,] and the victim met by a lake. The victim was 13 years old and the defendant was 17 years old at the time. The defendant removed the victim's pants and underwear and engaged in sexual activity with the victim by penetrating her vagina with his finger. The victim noted that the aforenoted activity was consensual. The events were observed by a witness who grabbed the victim by the jacket and left the area. The defendant admitted to engaging in the aforenoted activities.

(PIR (ECF No. 41) ¶ 32.) Upon further review of the facts, the probation office confirmed that defendant was seventeen years old at the time of the Florida offense, that the victim was thirteen years old, and further informed the court that defendant had his eighteenth birthday approximately four months before the victim had her fourteenth birthday, meaning that defendant was born four years and four months before the victim.

At the time scheduled for the sentencing hearing, the court indicated to the parties that its preliminary interpretation of the exception contained in § 16911(5)(C) was that it was ambiguous as applied to defendant's underlying offense. The court noted the apparent ambiguity lies within the appropriate methodology for comparing ages, as is required by the statute's exemption of consensual conduct when "the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). Here, it is undisputed that the victim was at least thirteen years old. By one interpretation of the statute, defendant *was not* "more than 4 years older than the victim" because his age is only four years greater than the age of the victim. This interpretation incorporates the colloquial method of comparing ages in years.[2] By another interpretation, defendant *was* more than four years older than the victim

---

[2] For example, if a boy, aged ten, asked his father, aged forty, if his father was more than thirty years older than him, his father could potentially and reasonably respond, "No, I am not more than thirty years older than you; I am *precisely* thirty years older than you." Such response would likely not turn on their respective birthdays. That is, the father would give the same answer, whether he were going to have his forty-first birthday before or after his son's tenth birthday. This is because the colloquial consideration of age is based in discretely quantifiable years, rather than as a continuous variable. The common question, "how old are you?" is colloquially interpreted to mean, "how many complete years have transpired since the date of your birth?" A person is considered to be twenty years

4

because he was born more than four years before the victim (by approximately four months). This interpretation reads the statute as if it required the offender to be not more than 1,461 days older than the victim.[3]

The court presented the parties with the ambiguity it perceived in the statute and ordered the parties to file supplemental briefing regarding the applicability of § 16911(5)(C) to defendant's Florida conviction. Defendant filed a brief in which he argued that: (1) § 16911(5)(C) does not apply to defendant by its plain language; and (2) alternatively, the exception is ambiguous as applied to defendant, and that the court should apply the rule of lenity. (ECF No. 50.) The government filed a brief arguing that the statute was not ambiguous and that § 16911(5)(C) did not apply to defendant. (ECF No. 51.)

On July 30, 2012, the court held a status conference to determine whether he desired to withdraw his guilty plea, in light of the court's preliminary assessment of the registration requirements of SORNA. Defendant, apparently reluctant to lose the benefit of a plea agreement with the government was unwilling to file a motion to withdraw his guilty plea. The government indicated it would be willing to address the statutory interpretation matters now at issue on stipulated facts in lieu of a full jury trial.

At the hearing, the court informed the parties it would enter this memorandum opinion and order, rejecting defendant's guilty plea *sua sponte* and permitting him to file a renewed motion to dismiss the indictment based upon stipulated facts. Defendant was released on bond pending the resolution of the legal issues now before the court, which the government has indicated it intends to appeal.

---

old until the very day before he becomes twenty-one years old. Occasionally, you will hear a person refer to relative ages with a consideration of half-years. Thus, a child who is eighteen months older than another child may be considered one year older, or one-and-a-half years older than the other.
[3] 365 + 365 + 365 + 366 = 1461

**Standard of Review**

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). Unlike other subsections of Rule 11, which require the court to follow a specific process or make specific determinations "before accepting a plea of guilty," see FED. R. CRIM. P. 11(b)(1) - (2), Rule 11(b)(3) imposes obligations on the court which persist until the court enters judgment. See United States v. Mobley, 618 F.3d 539, 545 (6th Cir. 2010). The obligation continues until judgment, even if the district court accepts a guilty plea at a change of plea hearing. United States v. Smith, 160 F.3d 117, 121 (2d Cir. 1998). "The rule is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." United States v. Adams, 448 F.3d 492, 499-500 (2d Cir. 2006) (internal quotation marks omitted). To achieve that purpose, the sentencing court "must assure itself . . . that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." Smith, 160 F.3d at 121 (internal quotation marks omitted).

**Discussion**

As explained above, in determining to reject defendant's previously accepted guilty plea, the court was required to interpret the statutory provisions of SORNA. As explained above, the court concluded that SORNA is ambiguous as applied to defendant. If the court concludes that § 16911(5)(C) is grievously ambiguous as applied to the circumstances of defendant's underlying

offense, the rule of lenity[4] would require application of the more lenient interpretation of SORNA. As such, because the court's preliminary assessment is that defendant was not required to register pursuant to SORNA, under the facts before the court, the court must reject defendant's guilty plea, and resolve its doubt whether defendant was in fact required to register.

In its supplemental briefing on this issue, the government did not present any information relating to SORNA's legislative history or the overall statutory scheme which could potentially resolve the apparent ambiguity discussed above, or assist the court in determining whether the ambiguity is sufficiently grievous to trigger application of the rule of lenity. The government simply presented an argument by analogy to other instances in which a statute unambiguously refers to "not more than [a number of] years." The court is aware that sentencing statutes with similar "not more than" provisions may be unambiguous as applied. The government's argument, however, does not soundly address the court's concerns. The court's reservations lie primarily in the use of that statutory phrasing in this specific context, where it is applied as a means of comparing ages of two individuals. A person's age is, strictly speaking, a continuous variable, but as was explained above, in colloquial use and by its common understanding, a person's age is often applied and discussed as if it were a discrete variable. Depending on which understanding applies here, defendant is either guilty of a federal crime for failing to register as a sex offender, or was never required to register under SORNA in the first place.

Because the parties both stated that they are amenable to resolving this question on a motion to dismiss, given the court's preliminary application of the rule of lenity in light of the

---

[4] The rule of lenity provides that "when ambiguity in a criminal statute cannot be clarified by either its legislative history or inferences drawn from the overall statutory scheme, the ambiguity is resolved in favor of the defendant." United States v. Pollen, 978 F.2d 78, 85 (3d Cir. 1992). The rule of lenity applies to a statute as long as it has a criminal application, even if it also has noncriminal applications. CBS Corp. v. F.C.C., 663 F.3d 122, 174 n.19 (3d Cir. 2011). It applies to criminal prohibitions as well as penalties. United States v. Flemming, 617 F.3d 252, 269 (3d Cir. 2010). The rule of lenity should not be invoked merely to resolve difficult questions of interpretation, but should only be applied in situations involving grievous ambiguity or uncertainty in the statute. Id. at 270 (citing Muscarello v. United States, 524 U.S. 125, 138-39).

7

government's failure to present any argument sufficient to resolve the ambiguity, and because defendant is unwilling to withdraw his plea and sacrifice a beneficial plea agreement, the court must reject defendant's plea agreement of its own initiative under Rule 11(b)(3). Doing so will place this case in the appropriate procedural posture such that defendant could file a renewed motion to dismiss the indictment based on stipulated facts, a procedure which the government agreed is appropriate in this case.[5] In ruling on that motion, the court, with the assistance of further, more substantial briefing, will resolve the appropriate interpretation of § 16911(5)(C).

## *ORDER*

AND NOW, this 2nd day of August, 2012, for the reasons set forth above, upon consideration of relevant law, the PIR and the parties' supplemental briefing,

It is HEREBY ORDERED that defendant Blake Brown's plea of guilty at criminal number 11-174 is REJECTED;

It is FURTHER ORDERED that the parties must meet and confer and file a proposed schedule on or before August 20, 2012, which shall include proposed deadlines by which any appropriate motions, stipulations, and briefing shall be submitted to the court to resolve the issues presented above, under the authority of Federal Rule of Criminal Procedure 12(b)(2);

It is FURTHER ORDERED that the court will hold a status conference in this matter on August 30, 2012 at 4:30 p.m.

---

[5] Although the court's disposition of the previous motion to dismiss rested, in large part, on the factual questions relevant to that motion, at that point, the government did not concede the ability of the court to resolve those factual questions, or otherwise rule on the motion. In contrast, the government has since indicated its willingness to stipulate to all facts necessary to resolve the interpretation of SORNA's consensual sexual conduct exception, which leaves the court more flexibility to consider a pretrial motion to dismiss without itself finding facts or making credibility determinations that should be left to the jury. See United States v. Weaver, 659 F.3d 353, 355 n.* (4th Cir. 2011) ("Although there is no provision for summary judgment in the Federal Rules of Criminal Procedure, . . . under Rule 12(b)(2), . . . [a]s circuit courts have almost unanimously concluded, a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts.").

By the court,

  /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge