# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-174 |
| | ) | |
| BLAKE BROWN | ) | |

## MEMORANDUM OPINION AND ORDER

CONTI, District Judge.

### *I. Introduction*

Pending before the court is a second motion to dismiss indictment (ECF No. 64) filed by defendant Blake Brown ("defendant") and the response to that motion filed by the government. (ECF No. 65). The second motion to dismiss is based upon stipulated facts. At issue in the parties' briefings is the applicability of the rule of lenity to a certain provision of the Sex Offender Registration Notification Act ("SORNA"), 42 U.S.C. § 16911.

Defendant was charged with failing to register as a sexual offender under § 16911(5)(C) and for traveling in interstate commerce and knowingly failing to register and update his registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). The charges against defendant stem from a 2003 felony conviction in the state of Florida for lewd molestation of a minor, in violation of FLA. STAT. § 800.04 (the "2003 conviction"). Defendant alleges that despite this conviction, he was not required to register as a sexual offender because at the time of the conduct involved in the 2003 conviction the victim was thirteen years old, he was seventeen years old and she consented to the sexual act underlying the conviction. Consensual activity between a victim, who is at least thirteen years old, and an offender, who is not more than four

years older, is not considered a "sex offense" requiring registration under SORNA. (See 42 U.S.C. § 16911(5)(C); ECF No. 64 at 5.) Section 16911(5)(C) provides:

> An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

42 U.S.C. § 16911(5)(C).

At a status conference held on July 30, 2012, the court indicated to the parties its concern that the exception contained in § 16911(5)(C) was ambiguous as applied to the circumstances of defendant's underlying offense. The court explained the ambiguity of § 16911(5)(C) as applied to defendant's circumstances in its decision to reject defendant's entry of a guilty plea:

> The court noted the apparent ambiguity lies within the appropriate methodology for comparing ages, as is required by the statute's exemption of consensual conduct when "the victim was at least 13 years old and the offender was not more than 4 years older than the victim." 42 U.S.C. § 16911(5)(C). Here, it is undisputed that the victim was at least thirteen years old. By one interpretation of the statute, defendant *was not* "more than 4 years older than the victim" because his age is only four years greater than the age of the victim. This interpretation incorporates the colloquial method of comparing ages in years. By another interpretation, defendant *was* more than four years older than the victim because he was born more than four years before the victim (by approximately four months). This interpretation reads the statute as if it required the offender to be not more than 1,461 days older than the victim.

United States v. Brown, No. 11-174, 2012 WL 3144328, at *2 (W.D. Pa. Aug. 2, 2012) (footnotes omitted.) After review of the parties' filings in this case, the court finds the exception contained in § 16911(5)(C) is ambiguous as applied to the circumstances of defendant's underlying offense and therefore, the rule of lenity applies in this case. The indictment filed against defendant will be dismissed with prejudice.

## II. Standard

The applicable standard to determine the sufficiency of an indictment was addressed in United States v. Vitillo, 490 F.3d 314 (3d Cir. 2007). In that decision, the court of appeals recognized:

> It is well-established that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, *if valid on its face*, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (footnote omitted and emphasis added). Indeed, we have previously held that, "for purposes of Rule 12(b)(2) [later superseded by Rule 12(b)(3)(B)], a charging document fails to state an offense if the specific facts alleged *in the charging document* fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." [United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002)] (emphasis added); *see also United States v. Taylor*, 154 F.3d 675, 681 (7th Cir.1998) ("The validity of an indictment is not affected by the form of the evidence considered, and an otherwise valid indictment cannot be challenged on the ground that the grand jury based it on inadequate or incompetent evidence."). We conclude that the [defendants]' Rule 12(b)(3)(B) challenge to the sufficiency of the indictment should be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it.
>
> "An indictment is generally deemed sufficient if it: [sic] (1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir.1989) (quotation marks and citations omitted). An indictment must allege more than just the essential elements of the offense. See Panarella, 277 F.3d at 685 ("We are thus constrained to reject the government's contention that an indictment or information charges an offense, for purposes of Rule 12(b)(2) [later superseded by Rule 12(b)(3)(B)], as long as it recites in general terms the essential elements of the offense, even if the specific facts alleged in the charging instrument fail to satisfy those elements."). An indictment fails to state an offense if the specific facts alleged in it "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." *Id*.

Id. at 320-21 (footnote omitted).

### III. Discussion

The rule of lenity provides that when a criminal statute is ambiguous, meaning it is susceptible to more than one reasonable interpretation, courts must apply the most lenient

interpretation of the statute to the defendant's case. Rewis v. United States, 401 U.S. 808, 812 (1971) ("'[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'"). "Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability." Liparota v. United States, 471 U.S. 419, 428 (1985). "Although the rule of lenity is not to be applied where to do so would conflict with the implied or expressed intent of Congress, it provides a time-honored interpretive guideline when the congressional purpose is unclear." Id. Before the court can determine whether the rule of lenity should be applied, however, it must be established that the language of statute is grievously ambiguous.

The first step in statutory interpretation requires that it be read to give the text a natural meaning. Reynolds v. United States, 132 S.Ct. 975, 980 (2012). The Supreme Court has also held that "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." Perrin v. United States, 444 U.S. 37, 42 (1979). If, after interpretation the statute "cannot be clarified by either its legislative history or inferences drawn from the overall statutory scheme," then it will be deemed grievously ambiguous, and the rule of lenity may apply. United States v. Pollen, 978 F.2d 78, 85 (3d Cir. 1992). With these dictates in mind, the court is tasked with determining whether the phrase "was not more than 4 years older" is grievously ambiguous, and sufficient for the rule of lenity to apply.

Beginning with a plain reading of the phrase in question, it becomes clear that it is susceptible to more than one reasonable interpretation. Defendant argues that the court should adopt the more colloquial meaning of "more than 4 years," and find that the language refers to

only whole years.[1] Under this reading, defendant is eligible for the exception in § 16911(5)(C) because he was not "more than 4 years" older than the victim at the time of his crime. The government offers a more technical (but no less plausible) reading of the plain language and contends that defendant cannot claim the exception in § 16911(5)(C) because he is four years and four months older than the victim, and therefore he is "more than 4 years older" than the victim. On their face, both of these arguments appear to be reasonable interpretations of the language contained in the statute.

In defense of its argument, the government maintains that defendant's reading would lead to an absurd result, in which defendant could circumvent the SORNA registration requirements merely by "limiting his molestations of the girl to certain months [of the year] when, colloquially, he was only 4 years older than her." (ECF No. 65, at 4-6). As defendant correctly points out, if the government's technical argument is extended to its logical conclusion, it potentially leads to a different absurd result. (ECF No. 64, at 6). Under the government's proposed reading of the statute, "4 years" could potentially require a calculation down to the month, day, hour, minute, or even second[2] in order to calculate the difference in age between a defendant and victim. Had Congress intended for such a strict measurement of age to apply (particularly in the context of comparing two people's relative ages), Congress could have defined the difference in reference to months, i.e. "not more than forty-eight months older." Under either proposed reading of the language, without more guidance with respect to how Congress intended to measure "years," the language remains ambiguous.

---

[1] Defendant's reading correlates to how one might answer the question: "How old are you?" In response, a person would likely indicate the total number of whole years that had elapsed since they were born, not a technical response based on the number of years, months, and days that they had been alive.

[2] Under this interpretation, the government's reading requires an even more detailed investigation in close cases; for example, where a defendant born four years and one minute before his or her victim would then be required to register. Such an overly restrictive interpretation, while technically accurate, strains credulity, and at the very least renders the government's proposed reading equally as absurd as the government's reading of defendant's interpretation. (ECF No. 65, at 4-6).

The legislative history applicable to this case does not conclusively resolve the apparent ambiguity, yet it does provide some insight with respect to Congress's intent in including the exception at issue here in SORNA. As an initial matter, the government acknowledged that the legislative history is not conclusive because it conceded, in both its initial and supplemental briefing on this issue, that no substantive legislative history exists to aid in the resolution of the meaning of "more than 4 years."

Defendant, however, pointed to language in the legislative history about Congress's larger policy goals in passing SORNA. See 152 CONG. REC. S. 8023-28 (2006); (ECF No. 50, at 14-17). Defendant points to statements that focused on finding ways to help low-risk, juvenile offenders "turn their lives around," while also aiming to protect society from those dangerous offenders who pose the "highest risk" to society as evidence that SORNA was never intended to include non-violent juvenile offenders like himself. 152 CONG. REC., at S. 8027-28 (statement of Sen. Leahy); (ECF No. 50, at 14-16). Defendant also points to statements made by Senator Ted Kennedy indicating that, while SORNA could require some minors to register, it should only include those who are convicted of "very serious offenses." 152 CONG. REC., at S. 8023; (ECF No. 50, at 16). Although the statements embodied in the legislative history do not resolve the underlying ambiguity in defining "more than 4 years older," it weighs somewhat in favor of applying the rule of lenity, since these statements favor an interpretation that a juvenile—presumably someone who is not yet eighteen years old[3]—should have different treatment when the victim is at least thirteen years old and consents to the sexual activity.[4]

---

[3] Cf. 42 U.S.C. § 300ii(1) (defines "adult" as a "person 18 years of age or older.").
[4] Defendant's discussion also addresses the broad goals of SORNA as a whole. Although the stated goals do not remedy the underlying ambiguity surrounding the language of the statute, they may be considered when determining whether the rule of lenity applies. See Bifulco v. United States, 447 U.S. 381, 387-99 (1980) (looking to the language of the statute in question, the legislative history, and the motivating policies of the act when determining whether the rule of lenity applies).

Because the court finds § 16911(5)(C) is susceptible to two different, but reasonable, interpretations and congressional intent with respect to whether "not more than 4 years older than the victim" means four years in the colloquial method of comparing ages in years as defendant suggests, or four years meaning not more than forty-eight months older than the victim as the government suggests, the language of the statute is deemed grievously ambiguous. No evidence found in the text of SORNA itself or the legislative history of the statute has remedied this ambiguity. Therefore, the court will apply the rule of lenity in this case. Based on the defendant's more lenient interpretation of § 16911(5)(C), the court finds defendant was not more than four years older than the thirteen-year-old victim who consented to the sexual activity, and therefore, the consensual activity exception applies to defendant. Under those circumstances, the indictment against him must be dismissed.

## **ORDER**

AND NOW, this 28th day of September, 2012, it is hereby ORDERED that, for the reasons set forth above, upon consideration of the relevant law and the parties' supplemental briefing, the Indictment against defendant BLAKE BROWN at Criminal Number 11-174 shall be DISMISSED.

By the Court:

/s/Joy Flowers Conti
Joy Flowers Conti
United States District Judge